**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK TRUDEAU, et al.,

                    Plaintiffs-Appellants,

   v.

GOOGLE LLC,

                    Defendant-Appellee.

No.    18-17022

D.C. No. 5:18-cv-00947-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted May 14, 2020
San Francisco, California

Before:  FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,[**] District
Judge.

   Plaintiffs-appellants Mark Trudeau and Troy Martial Arts, Inc. appeal the

district court's order granting defendant-appellee Google LLC's motion to compel

arbitration. We have jurisdiction under 28 U.S.C. § 1291, and we review the

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

district court's decision *de novo*. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564 (9th Cir. 2014).

We affirm. Even assuming *arguendo* that the 2017 Terms of Service ("TOS") did not effect a novation of the 2013 version, we conclude that nothing in the arbitration agreement in Section 13(A) of the 2017 TOS contravenes Section 11 of the 2013 TOS. Section 11 of the 2013 TOS gave Google the right to unilaterally modify the terms of service by posting new terms online, without first seeking its counterparties' affirmative acceptance of such terms. Plainly referring only to unilateral changes promulgated under this provision, Section 11 stated that such changes would not apply retroactively. But the 2017 TOS were adopted by bilateral agreement between plaintiffs-appellants and Google; Google gave Mr. Trudeau notice of the new terms and he affirmatively accepted them. The changes effected by the 2017 TOS were thus not enacted through the mechanism of Section 11, and so Section 11 does not limit the retroactive application of the arbitration agreement in the 2017 TOS.

Plaintiffs-appellants counter that the 2017 TOS must have been promulgated through Section 11 of the 2013 TOS because the latter contained no other provision authorizing modification of the terms. But none was necessary. Even where a contract contains no express modification provision, ordinary principles of contract formation would allow the parties to a contract to modify it via bilateral

agreement, and for valid consideration. *See* Cal. Civ. Code §§ 1550 ("It is essential to the existence of a contract that there should be: 1. Parties capable of contracting; 2. Their consent; 3. A lawful object; and, 4. A sufficient cause or consideration."), 1698(a) ("A contract in writing may be modified by a contract in writing.").

Plaintiffs-appellants' next contention, that the 2017 TOS are ambiguous as to whether the arbitration agreement in Section 13(A) applies to claims that had already accrued at the time of the adoption of the arbitration agreement, is also meritless. Section 13(A)(2) unambiguously provides that "[t]his agreement to arbitrate . . . includes . . . claims that arose before Customer or Advertiser first accepted any version of these Terms containing an arbitration provision." There is, moreover, no conflict between Section 13(A)(2) and Section 12. Section 12 of the 2017 TOS, like Section 11 of the 2013 TOS, allows Google to make future, unilateral changes to the terms of service by posting such changes online. As did its predecessor, Section 12 states that such changes (except as noted below) will not apply retroactively. But because this restriction applies only to changes that Google might unilaterally adopt in the future, not to the current terms adopted bilaterally when Mr. Trudeau accepted the 2017 TOS, it creates no ambiguity in the language of Section 13(A)(2).[1]

---

[1] Plaintiffs-appellants had also argued that the arbitration agreement in the 2017 TOS is unenforceable under the line of cases beginning with *Peleg v. Neiman*

**AFFIRMED.**

*Marcus Group, Inc.*, 140 Cal. Rptr. 3d 38 (Ct. App. 2012). But plaintiffs-appellants abandoned this argument shortly before oral argument, recognizing that *Peleg* does not govern here because Mr. Trudeau "had expressly agreed to" the 2017 TOS. We therefore do not reach this issue. *Cf. United States v. Sineneng-Smith*, No. 19-67, 2020 WL 2200834, at *3 (U.S. May 7, 2020).